IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL STEPHENS,          :          Civil No. 3:22-CV-645
                           :
          Plaintiff        :          (Judge Mehalchick)
                           :
     v.                    :
                           :          (Magistrate Judge Carlson)
NICHOLAS MOSHER, et al.,    :
                           :
          Defendants.      :

REPORT AND RECOMMENDATION

I.    Factual Background

This is a *pro se* lawsuit brought by a former state inmate in May of 2022 challenging a parole search of Stephens' vehicle which resulted in the seizure of marijuana from that car. (Doc. 1). Stephens initially filed this complaint along with a motion for leave to proceed *in forma pauperis,* (Doc. 2), which the court found to be inappropriate and insufficient.[1] Consequently, on August 16, 2022, the court entered an order which stated as follows:

> This civil rights action filed by the individual identified above has been received without a filing fee or a proper motion to proceed in forma pauperis. This action may not proceed unless the Plaintiff, within thirty (30) days of the date of this Order, either:

---

[1] Specifically, Stephens' initial motion for leave to proceed *in forma pauperis* was the form used for an incarcerated inmate, but the record revealed that Stephens was no longer a prisoner.

1

(1) Tenders to the "Clerk, U.S. District Court" a statutory filing fee in the amount of $402.00; or

(2) Files a properly completed application to proceed in forma pauperis.

A form application to proceed in forma pauperis is enclosed. Failure to comply with the terms of this Order within thirty (30) days will cause this case to be dismissed without prejudice.

(Doc. 7).

Stephens took no action to comply with this order, despite having been provided with the form of motion that he was required to file, and some eleven months passed without any action on Stephens' part to pursue this lawsuit. Accordingly, on June 28, 2023, the court entered a second order which stated in clear and precise terms:

1. Plaintiff filed a complaint in the above-captioned matter on May 2, 2022. (Doc. 1). The complaint was received without a filing fee or a proper motion to proceed in forma pauperis.

2. On August 16, 2022, the Court issued an Administrative Order, notifying Plaintiff that this action may not proceed unless Plaintiff, within thirty (30) days of the date of the Order, either (1) tenders to the "Clerk, U.S. District Court" a statutory filing fee in the amount of $402.00; or (2) files a properly completed application to proceed in forma pauperis. (Doc. 4).

3. As of the date of this Order, no payment of the applicable filing fee has been made and no motion to proceed in forma pauperis has been received.

4. Within thirty (30) days of the date of this Order, on or before Friday, July 28, 2023, Plaintiff shall either (1) submit payment of applicable filing fee in the amount of $402.00; or (2) file a properly completed

2

application to proceed in forma pauperis. A form application to proceed in forma pauperis is enclosed.

5. *Failure to timely submit either full payment of the applicable filing fee or a properly completed application to proceed in forma pauperis will result in a recommendation that this case be DISMISSED without prejudice.*

(Doc. 8) (emphasis added).

Despite this explicit warning, Stephens has failed to pay the filing fee or submit a proper motion for leave to proceed *in forma pauperis* and another eight months have elapsed. Thus, twenty-two months have now passed without Stephens taking the initial steps that are necessary to pursue this case. Moreover, Stephens has failed to act in the face of two orders warning him that dismissal of this case is the consequence which will flow from his inaction. The plaintiff's cascading non-compliance with the orders of this court now stymies any efforts to litigate his claims. Accordingly, for the reasons set forth below, it is recommended that this case be dismissed.

## II.   Discussion

### A. Dismissal of this Case Is Warranted Under Rule 41.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal

3

of actions for failure to prosecute rest in the sound discretion of the Court, and will

not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296

F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, however, while

broad is governed by certain factors, commonly referred to as Poulis factors. As the

United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in
> dismissing a case for failure to prosecute], we evaluate its balancing of
> the following factors: (1) the extent of the party's personal
> responsibility; (2) the prejudice to the adversary caused by the failure
> to meet scheduling orders and respond to discovery; (3) a history of
> dilatoriness; (4) whether the conduct of the party or the attorney was
> willful or in bad faith; (5) the effectiveness of sanctions other than
> dismissal, which entails an analysis of alternative sanctions; and (6) the
> meritoriousness of the claim or defense. Poulis v. State Farm Fire and
> Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion, "there is no 'magic formula' that we apply to

determine whether a District Court has abused its discretion in dismissing for failure

to prosecute." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011) (quoting

Briscoe v. Klaus, 538 F.3d 252 (3d Cir. 2008)). Therefore, "[i]n balancing the Poulis

factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether

a District Court abused its discretion in dismissing a plaintiff's case." Briscoe, 538

F.3d at 263 (quoting Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).

Consistent with this view, it is well settled that "'no single Poulis factor is

dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" Id. (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Mindek, 964 F.2d at 1373). Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the Court of Appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. See, e.g., Emerson, 296 F.3d 184; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the failure to prosecute is entirely attributable to the plaintiff, who has failed to abide by court orders or submit an amended motion for leave to proceed *in forma pauperis* as directed by the court.

Similarly, the second Poulis factor— the prejudice to the adversary caused by the failure to abide by court orders—also calls for dismissal of this action. Indeed, this factor—the prejudice suffered by the party seeking sanctions—is entitled to great weight and careful consideration. As the Third Circuit has observed:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d

Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware, 322 F.3d at 222.

Briscoe, 538 F.3d at 259-60.

In this case, the plaintiff's failure to litigate this claim, or to comply with court orders, now wholly frustrates and delays the resolution of this action. In such instances, the defendants are plainly prejudiced by the plaintiff's continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge. Tillio, 256 F. App'x 509 (failure to timely serve pleadings compels dismissal); Reshard, 256 F. App'x 506 (failure to comply with discovery compels dismissal); Azubuko, 243 F. App'x 728 (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor—the history of dilatoriness on the plaintiff's part—it becomes clear that dismissal of this action is now appropriate. In this regard, it is clear that "'[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders.'" Briscoe, 538 F.3d at 260-61 (quoting Adams, 29

6

F.3d at 874) (some citations omitted). Here, the plaintiff has failed to comply with court orders or file an amended motion for leave to proceed *in forma pauperis*, as he was ordered to do. Thus, the plaintiff's conduct displays "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874.

The fourth Poulis factor—whether the conduct of the party or the attorney was willful or in bad faith—also cuts against the plaintiff in this case. In this setting, we must assess whether this conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence. Adams, 29 F.3d at 875. At this juncture, when the plaintiff has failed to comply with instructions of the Court, we are compelled to conclude that the plaintiff's actions are not isolated, accidental, or inadvertent but instead reflect an ongoing disregard for this case and the Court's instructions.

While Poulis also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. See, e.g., Briscoe, 538 F.3d at 262-63; Emerson, 296 F.3d at 191. This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of

the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering our prior orders and counseling the plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail. The plaintiff still ignores his responsibilities as a litigant. Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under Poulis, we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims. In our view, however, consideration of this factor cannot save this particular plaintiff's claims since the plaintiff is now wholly non-compliant with the court's instructions. The plaintiff cannot refuse to comply with court orders which are necessary to allow resolution of the merits of his claims, and then assert the untested merits of these claims as grounds for declining to dismiss the case. Furthermore, it is well settled that "'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" Briscoe, 538 F.3d at 263 (quoting Ware, 322 F.3d at 222; Mindek, 964 F.2d at 1373). Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot prevent dismissal of a case for failure to prosecute.

In any event, we note that this complaint challenges a parole search, but such searches are judged by a highly deferential standard of review. As we have observed:

The legal benchmarks which govern parole searches are both well-settled and familiar. In considering the constitutionality of such searches:

> The touchstone of the Fourth Amendment is reasonableness, so we determine the constitutionality of a search "by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." United States v. Knights, 534 U.S. 112, 118–19, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001) (quoting Wyoming v. Houghton, 526 U.S. 295, 300, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999)).

United States v. Henley, 941 F.3d 646, 650 (3d Cir. 2019). When striking this balance between individual privacy concerns and legitimate governmental interests, we are guided by several fundamental precepts. First, "[a]s a parolee, [the plaintiff's] liberty was subject to certain restrictions. See Samson, 547 U.S. at 850–51 & n.2, 126 S. Ct. 2193 (parolees are more like prisoners than probationers)." Id. Simply put, service of a criminal sentence, including parole, carries with it substantial restrictions on personal liberty. Such is the cost of committing crimes.

Yet, while [a parolee's] privacy may be reasonably curtailed as he serves a sentence for a crime he has committed, the state has a number of compelling interests which it must vindicate through parole supervision. In this regard:

> The state interest in parolees ... is two-fold: (1) that they successfully complete the term of ... parole with integration "back into the community" while (2) protecting the public from their conduct as individuals who are considered more likely to engage in criminal conduct than the ordinary member of the community. Id. at 849, 126 S. Ct. 2193.

Henley, 941 F.3d at 650. Striking this balance between a parolee's limited liberty interests and the state's compelling need to supervise the parolee while protecting the public, it is clear that:

9

> "[T]he balance of these considerations requires no more than reasonable suspicion to conduct a [warrantless] search of a [parolee]." <u>Knights</u>, 534 U.S. at 121, 122 S. Ct. 587; <u>see United States v. Baker</u>, 221 F.3d 438, 444 (3d Cir. 2000) (justification applies with perhaps even greater force to parolees given judgment that parolee needed incarceration).
>
> <u>Id.</u>

<u>United States v. Harden</u>, No. 1:19-CR-64, 2020 WL 6126277, at *3–4 (M.D. Pa. June 25, 2020), <u>report and recommendation adopted,</u> No. 1:19-CR-0064, 2020 WL 6119278 (M.D. Pa. Oct. 16, 2020). Given this highly deferential standard of review, Stephens' efforts to legally challenge the results of this parole search of his automobile, which uncovered contraband drugs, would likely be unavailing. Therefore, all of the <u>Poulis</u> factors currently appear to favor dismissal of this complaint.

## III.    Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that this case be DISMISSED for failure to prosecute.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the

proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Submitted this 4th day of March 2024.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

11